NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JEFFREY HOWARD, | ) | |
| | ) | |
|    Petitioner, | ) | Civil Action No. 6: 06-136-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN REES, Commissioner, et al., | ) | **AND ORDER** |
| | ) | |
|    Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jeffrey Howard, an individual presently confined by the Kentucky Department of Corrections ("KDOC") at the Bell County Forestry Camp in Pineville, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the district court filing fee for a habeas proceeding. This matter is pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

---

[1]    This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the Petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

## CLAIMS

The Petitioner claims that because the Tennessee courts have violated the provision of the Interstate Agreement on Detainers Act ("IAD") requiring that he be tried within 180 days. As a result, he claims that he is entitled to dismissal of pending charges in that state listed in detainers against him, and (2) removal of the detainers which the Tennessee courts have lodged with the KDOC.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations contained in the original petition and attachments. [Record No. 1]  The Petitioner asserts that on May 7, 2004, two Tennessee courts lodged detainers with Howard's custodians, the KDOC.  Both detainers stated that there were outstanding state charges against him.  One charge was from Overton County, Tennessee (Attempt to Manufacture Methamphetamine and Possession of Drug Paraphernalia; Exhibit 1).  The other charge was from Warren County, Tennessee (Possession of Explosive Material).

Howard alleges that, consistent with the procedures required under the IAD, he signed all proper forms supplied to him by the warden in order to request disposition of the untried charges.  He has also provided copies of the documents which the warden sent to the respective courts on June 15, 2004 [Exhibits. 3 & 4].  However, after executing the forms, he claims that he did not hear anything from Tennessee within the 180 days which, under the IAD, the state is given to dispose of charges after the prisoner makes the demand for disposition.  As a result, Howard began to seek relief from several sources.

Howard asserts that after nine months had passed, he filed motions to dismiss the charges in the state courts. According to Howard, these motions remain pending. He claims that he also contacted a KDOC official who confirmed by memorandum dated November 16, 2005, that she had called the clerks of the Overton and Warren County Courts and confirmed that the motions were still pending in those courts. However, "[n]o further information was available." [Exhibit 5] The Petitioner also includes copies of other efforts to dispose of these charges, including a January 14, 2006, memorandum which he wrote to the KDOC's IAD Administrator, and a February 16, 2006, letter to the KDOC Commissioner Rees. *Id.*

On March 16, 2006, Howard filed the this petition asking that this Court direct dismissal of pending charges and removal of the detainers.

## DISCUSSION

### Nature of the Claim

The IAD is a compact among the states, the District of Columbia, and the federal government which enables participating jurisdictions to gain custody of prisoners incarcerated in another jurisdiction in order to try the prisoner on criminal charges. *Reed v. Farley*, 512 U.S. 339 (1994) (citing Interstate Agreement on Detainers Act, §2, Art. I, *et seq.*, 18 U.S.C. App.). The Act contains mandatory procedures for a prisoner who is charged in another jurisdiction; for the prison officials where he is incarcerated, known as the sending/custodial state; and for the state in which the charges are pending, known as the charging state. The Act also contains specific time limits after which a pending charge may be dismissed. *Id.*

Howard has supplied information indicating that he invoked provisions of the IAD. He alleges that the state court, however, has failed to make an appropriate response to his request for disposition. The provision of the IAD at issue is contained in Article III which provides that:

> . . . . [After] a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . . .

Article III(a). The IAD does not explicitly grant authority to courts in the sending/custodial jurisdiction to render a detainer invalid or to dismiss another jurisdiction's charges underlying the detainer. Authority to render a detainer invalid or to dismiss the underlying charges is afforded to the charging, and not the sending, jurisdiction. IAD Article V(c).

There is authority, however, for the federal court in the district where the prisoner is incarcerated to grant injunctive relief. This Court has previously ruled that a sending jurisdiction may quash a detainer when the Petitioner's speedy trial rights have been violated; the charging state has been afforded additional notice, time, and opportunity to initiate proper proceedings; and the charging state has failed to act. *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78 (E.D. Ky. 1981). *See also Tungate v. Thoms*, 45 Fed.Appx. 502, 2002 WL 31007885 (6th Cir. 2002) (unpublished).[2] Accordingly, the Court will direct the filing of a response to the petition.

---

[2] Another district court ordered the federal defendants having custody of a prisoner about whom the State of Georgia was deciding whether to prosecute, as follows: "Insofar as the detainer may adversely affect, or have affected, [the prisoner's] custodial status at FCI-Danbury or the conditions of his confinement, defendants shall give no effect to the detainer." *Degina v. Carlson*, 1986 WL 15401 at *5 (D. Conn. 1986) (unpublished). *See also Burrus v. Turnbo*, 743 F.2d 693 (9th Cir. 1984), *vacated as moot sub. nom, Higar v. Burrus*, 474 U.S. 1016 (1985).

Respondents

The remaining question for purposes of requiring a response to the petition is who should be named as Respondent(s). Howard has named multiple Respondents, including several officials in Kentucky and Tennessee and the two states themselves. However, the Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const., Amend. XI. The Eleventh Amendment precludes actions in which the state is directly named as a party, *Edelman v. Jordan*, 415 U.S. 651 (1974). Counties are subdivisions of the state and also will be shielded. Finally, the KDOC is an agency of the Commonwealth of Kentucky which is entitled to protection from suit under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Thus, the Commonwealth State of Kentucky, the State of Tennessee, and Overton and Warren Counties will be dismissed as defendants/respondents in this action.

Although the Eleventh Amendment also "bars suits for monetary relief against state officials sued in their official capacity . . . the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Thiokol Corp. v. Dept. of Treas., State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). Therefore, the state officials named in this action (Commissioner Rees and Judges Ross and Sells) may be sued in

their official capacities for the prospective injunctive relief from the detainer which the Petitioner seeks. Moreover, for an action brought pursuant to §2241, the United States Code provides that an application for a writ of habeas corpus shall name the person who has custody over the Petitioner. 28 U.S.C. §2242; *see also* 28 U.S.C. §2243. The warden of the facility at which the Howard is currently serving his sentence is his custodian within the meaning of 28 U.S.C. §§2241-2243 and is the appropriate Respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

## CONCLUSION

Because the Petitioner has not named his warden as the Respondent herein and because the named state officials may be sued for injunctive relief in their official capacities, the Court will direct initial service of the petition to the named Kentucky Respondent, Rees and the named Tennessee Respondents, Ross and Sells. Accordingly, it is hereby

**ORDERED** as follows:

(1) The following are dismissed, *sua sponte*, as Respondents to this action: (a) the Commonwealth of Kentucky; (b) the Kentucky Department of Corrections; (c) the State of Tennessee; (d) Warren County, Tennessee; and (e) Overton County, Tennessee.

(2) The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the Complaint and this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice

of waiver of service for Commissioner Rees and/or other Respondent(s). If a waiver is not filed within ten (10) days, the Clerk shall notify the Pro Se Office.

(3) The Answer to the Complaint shall be filed no later than 60 days after the Kentucky Respondent's notice of waiver of service is filed. However, if service is required, the answer shall be filed no later than 20 days after service of summons.

(4) The Clerk of the Court shall also serve by certified mail a copy of the petition and this Order upon Larry Ross of the Warren Circuit Court in Tennessee and Lilie Ann Sells of the Overton Circuit Court in Tennessee.

(5) The Tennessee Respondents shall Answer or otherwise defend this action within 60 days of the filing any notice of waiver of service or within thirty (30) days of the date of service of summons, if no waiver is filed.

(6) Respondents shall also file with their Answers all relevant documentary evidence which bears upon the allegations contained in the petition.

(7) Upon entry of the responses herein or upon the expiration of said period of time for any response, the Clerk of the Court shall notify the Pro Se Office.

(8) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon each Respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a

certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(10) The Petitioner's Motion to proceed *in forma pauperis* [Record No. 2] is **DENIED** on the grounds that (a) the Petitioner has funds from which to pay the $5.00 fee; and (b) the matter of the fee is moot, the Petitioner having paid the required filing fee.

This 25th day of April, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge